LEWIS BRISBOIS BISGAARD & SMITH llp
CRAIG HOLDEN, SB# 174643
    E-Mail: Craig.Holden@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

CARTER SCHOLER, PLLC
J. ROBERT ARNETT II *Pro Hac Vice*
    Email: barnett@carterscholer.com
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206
Telephone: 214.550.8188
Facsimile: 214-550-8185

Attorneys for Plaintiffs EVOLV HEALTH, LLC and EVOLVHEALTH MEXICO SERVICIOS, S. de R.L. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EVOLV HEALTH, LLC and EVOLVHEALTH MEXICO SERVICIOS, S. de R.L. de C.V., <br><br> Plaintiffs, <br><br> vs. <br><br> COSWAY USA, INC., d/b/a ECOSWAY USA, INC., GLEN JENSEN, JEFFREY N. ALDOUS and VINCENT TAN, <br><br> Defendants and Does 1-10. | CASE NO. 2:16-cv-01602-ODW (ASx) <br><br> **MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS** <br><br> Pretrial Conference: August 7, 2017 <br> Trial Date: August 29, 2017 <br><br> Date: April 17, 2017 <br> Time: 1:30 p.m. <br> Place: Courtroom 11 <br>  312 N. Spring Street <br>  Los Angeles, CA 90012 <br> Judge: Hon. Otis D. Wright II |

# MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS

J. Robert Arnett II and Carter Scholer, PLLC (formerly known as Carter Scholer Arnett Hamada & Mockler, PLLC) move for leave to withdraw as counsel for Plaintiffs Evolv Health, LLC, and EvolvHealth Mexico Servicios, S. de R.L. de C.V. (collectively, "Plaintiffs"), pursuant to Rule 7 of the Federal Rules of Civil Procedure, and Local Rule 83-2.3.2.

Good cause exists for the withdrawal of counsel because: (1) Plaintiffs have disregarded their obligations to pay Carter Scholer and consultants hired by Carter Scholer; and (2) the attorney-client relationship has broken down to the point that continued representation has been rendered unreasonably difficult by the clients and the mutual trust necessary to sustain an appropriate attorney-client relationship no longer exists.

Counsel for Defendants does not oppose the relief sought in this motion.

## FACTUAL BACKGROUND

1. Plaintiffs engaged Carter Scholer and the firm of Friedman & Feiger, LLP to bring claims against persons and entities associated with EpicEra Incorporated in October 2013, pursuant to a written engagement letter. Declaration of J. Robert Arnett II filed herewith (hereinafter "Arnett Decl."), ¶ 3, Ex. 1. The matter was taken on a contingent fee basis, with the fee to be split in proportion to the professional services to be performed by each firm—75% to Friedman & Feiger and 25% to Carter Scholer. *Id.* The lawyer who originated this matter is Michael L. Gaubert, who at the time was a partner at Friedman & Feiger. *Id.*

2. Pursuant to the engagement letter, Plaintiffs agreed to pay all expenses incurred in pursuit of the representation and, to the extent the firms advanced money to cover expenses, to reimburse the firms for such expenses at the end of each month. *Id.*, Ex. 1.

3. Plaintiffs further agreed that the firms could withdraw from representation on reasonable notice by communicating their intent to do so in writing, and that grounds for withdrawal included disregarding an agreement or obligation to pay attorneys' fees and expenses in accordance with the terms of the engagement letter. *Id.*

4. On November 13, 2013, Friedman & Feiger and Carter Scholer commenced an action on behalf of Plaintiffs against EpicEra Incorporated, eCosway USA, Inc., Glen Jensen, and Jeffrey N. Aldous in the 68th Judicial District Court of Dallas County, Texas (the "Texas Action"). *Id.*, ¶ 4. They subsequently amended the petition to join other individuals as defendants in the Texas Action. *Id.*

5. The Texas Court dismissed certain claims against eCosway, Jensen, and Aldous based on one of three forum selection clauses in a Mutual Non-Disclosure and Non-Circumvention Agreement that had been executed by Evolv Health and eCosway in connection with a meeting in June 2013. *Id.*, ¶ 5. The Texas Court later directed that all claims against these parties be brought in California. *Id.*

6. In 2015, Mr. Gaubert left Friedman & Feiger and joined Lewis Brisbois Bisgaard & Smith, LLP. *Id.*, ¶ 6. Mr. Gaubert and Friedman & Feiger continued to work on the Texas Action and agreed that Friedman & Feiger's 75% of the contingent fee would be split equally between Mr. Gaubert and Friedman & Feiger. *Id.*

7. On March 10, 2016, Lewis Brisbois filed the complaint commencing this action, which was essentially bringing in this forum the claims against eCosway, Jensen, and Aldous that the Texas Court had dismissed. *Id.*, ¶ 7; Doc. 2.

8. On April 1, 2016, Lewis Brisbois filed an application for J. Robert Arnett II of Carter Scholer to appear *pro hac vice* as counsel for Plaintiffs in this action, and this Court granted the application. Doc. 11; Doc. 12.

9. At the time this action was commenced, the Texas Action was set for trial in June 2016, but the trial in the Texas Action was later reset to commence on August 23, 2016. Arnett Decl., ¶ 7.

10. In July 2016, Mr. Gaubert left Lewis Brisbois and began practicing as The Gaubert Law Group. *Id.*, ¶ 8. Mr. Gaubert currently offices in Plaintiffs' Dallas office. *Id.*, ¶ 9.

11. The Texas Action was tried to a jury in August and September 2016. *Id.*, ¶ 10. Mr. Arnett was lead counsel and was assisted by Mr. Gaubert and Carter Boisvert of Friedman & Feiger. *Id.* The jury returned a verdict against EpicEra and three individual defendants, and the Texas Court entered a final judgment based on that verdict on October 24, 2016. *Id.*

12. In the course of the Texas Action, Carter Scholer incurred significant out-of-pocket expenses for which it regularly invoiced Plaintiffs. *Id.*, ¶ 11. Plaintiffs did not timely pay those invoices and by October 2016 had failed to pay Carter Scholer for expenses going back to March 2016. *Id.* In addition, Carter Scholer had engaged a damages expert (William Barnard) on behalf of Plaintiffs and retained a jury consultant (Cathy E. Bennett & Associates) and a trial technology consultant (Point Multimedia) to assist with the trial of the matter. *Id.* Plaintiffs failed to pay the invoices of the expert and the consultants. *Id.*

13. Mr. Arnett and Carter Scholer have had long working relationships with the jury consultant and the trial technology consultant. *Id.* Both are small companies that are harmed by non-payment for services. *Id.*

14. In October 2016, Plaintiffs promised to take care of the unpaid invoices, but did not do so. *Id.*, ¶ 12.

15. At a meeting on November 18, 2016, Mr. Arnett advised the chairman of Plaintiffs and Mr. Gaubert that Plaintiffs' failure to pay had created huge problems and that Carter Scholer would likely withdraw from all matters after

January 1, 2017 due to the Plaintiffs' continuing failure to pay expenses. *Id.*, ¶ 13.

16. In response, Plaintiffs promised to pay first by the end of November 2016 and then by the end of December 2016, but failed to do so. *Id.*, ¶¶ 13-15.

17. After numerous broken promises to pay by Plaintiffs, Carter Scholer advised Plaintiffs on January 2, 2017 that it was withdrawing from the representation of Plaintiffs in all matters, including this action. *Id.*, ¶ 17. In order to preserve Carter Scholer's relationship with the jury consultant, Mr. Arnett agreed to personally pay the invoice and seek reimbursement from Plaintiffs, and advised Plaintiffs of this on January 3, 2017. *Id.*, ¶ 16.

18. Plaintiffs, through Mr. Gaubert, requested that Carter Scholer delay filing motions to withdraw until after the hearing on the post-trial motions filed by the defendants in the Texas Action. *Id.*, ¶ 18. To avoid potentially prejudicing Plaintiffs by the withdrawal, Carter Scholer agreed to delay filing the motions to withdraw until after that hearing. *Id.*

19. Around January 6, 2017, Plaintiffs paid Carter Scholer's outstanding invoices, but the consultants remained unpaid and Plaintiffs' retained expert remained mostly unpaid. *Id.*, ¶ 19. On January 12, 2017, Mr. Arnett sent Plaintiffs an email reiterating that Carter Scholer would file its motions to withdraw once the post-trial motions in the Texas Action were heard. *Id.*, ¶ 20.

20. On or about February 2, 2017, Plaintiffs paid the trial technology consultant. *Id.*, ¶ 21.

21. The Texas Court heard and denied the defendants' post-trial motions on February 6, 2017. *Id.*, ¶ 22.

22. On February 8, 2016, Mr. Arnett wrote to Plaintiffs and Mr. Gaubert that, since the post-trial motions had been heard, Carter Scholer needed to proceed with the withdrawals, and asked if there would be substitute counsel for Carter Scholer in this action. *Id.*, ¶ 23. Thereafter, Mr. Arnett and Mr. Gaubert had several

conversations about who would be substituting as counsel of record for Mr. Arnett and Carter Scholer in this action with no definitive answer. *Id.*

23. In February and early March 2017, Mr. Arnett dealt with defense counsel on discovery issues because Plaintiffs had not identified any substitute counsel. *Id.*, ¶ 24. Plaintiffs and Mr. Gaubert failed to respond to Mr. Arnett's requests for input and information regarding these discovery issues. *Id.*

24. On March 8, 2017, frustrated with the delay in identifying substitute counsel and the lack of client cooperation noted above, Mr. Arnett prepared and sent to Plaintiffs a motion for withdrawal of counsel and forms to be signed reflecting Plaintiffs' consent to the withdrawal. *Id.*, ¶ 25.

25. Also on March 8, 2017, Plaintiffs delivered a check to reimburse Mr. Arnett for the jury consultant's fees. *Id.*, ¶ 26.

26. On March 10, 2017, Plaintiffs' chairman wrote to Mr. Arnett, taking the position that since the invoices had now been paid and a payment plan was in place with Mr. Barnard (the damages expert), Carter Scholer should not withdraw. *Id.*, ¶ 27.

27. On March 13, 2017, Mr. Arnett explained that Carter Scholer had elected to withdraw on January 2, 2017 based on the many broken promises to pay, and that Plaintiffs finally paying the expenses long after they were due and obligated to pay them did not change that. *Id.*, ¶ 28. Mr. Arnett further advised that Carter Scholer would be filing the motion to withdraw as a contested motion. *Id.*

## ARGUMENTS

Failure of a client to pay in accordance with an engagement agreement excuses an attorney from continuing to represent the client and provides grounds for withdrawal. *See UMG Recordings, Inc. v. Music Group, Inc.*, No. CV 07-05808 SJO (FFMx), 2008 WL 11287018 *1 (C.D. Cal. Oct. 23, 2008); *Duchrow v. Forrest*, 215 Cal. App. 4th 1359, 1376, 156 Cal. Rptr. 3d 194, 208 (2013); *People v.*

*Prince*, 268 Cal. App. 2d 398, 406, 74 Cal. Rptr. 197, 203 (1968); CAL. R. OF PROF. CONDUCT 3-700(C)(1)(f); TEX. DISCIPLINARY R. OF PROF. CONDUCT 1.15(b)(5); ABA MODEL R. OF PROF. CONDUCT 1.16(b)(5). Moreover, Plaintiffs agreed in the engagement letter that disregarding an agreement or obligation to pay fees and expenses in accordance with the terms of the engagement letter was grounds for withdrawal.

Carter Scholer advised Plaintiffs of their withdrawal on January 2, 2017—and of the law firm's intent to withdraw if Plaintiffs did not address their long-standing indebtedness well before that. Counsel delayed in filing this motion at the request of Plaintiffs to avoid prejudicing the Texas Action and to permit Plaintiffs to search for and engage substitute counsel in this action. Such a brief delay was entirely proper and was appropriate to avoid unnecessarily prejudicing the client's case at what might have been a critical juncture. *See Kirsch v. Duryea*, 21 Cal. 3d 303, 311, 578 P.2d 935, 940, 146 Cal. Rptr. 218, 223 (1978). Now that Plaintiffs have taken advantage of counsel's delay for their benefit and are now refusing to consent to the withdrawal, Carter Scholer is proceeding with the motion to withdraw.

Plaintiffs will not be burdened by the withdrawal of Carter Scholer and Mr. Arnett. *See Brown & Bain, P.A. v. O'Quinn*, 518 F.3d 1037, 1042 (9th Cir. 2008). Mr. Gaubert and Friedman & Feiger are also representing Plaintiffs, even if they have not entered appearances of record, and assisted in the trial of the Texas Action which substantially overlaps with this action. Additionally, the Lewis Brisbois firm continues to represent Plaintiffs as local counsel. Plaintiffs have had ample notice of Carter Scholer's intent to withdraw if Plaintiffs did not meet their contractual obligations and since January 2, 2017, have had ample notice of counsel's motion to withdraw. Therefore, Plaintiffs have been provided with more than ample opportunity to arrange for substitute counsel.

Further, Plaintiffs and Mr. Gaubert are not responding to Mr. Arnett's

requests for input and information to respond to defendants' discovery issues. Such lack of cooperation, which is fundamental to an effective attorney-client relationship, undermines that relationship and makes counsel's continued representation untenable. Where the client is not cooperating with the lawyer, withdrawal of counsel without the identification of substitute counsel is permitted. *Arco Environmental Remediation, L.L.C. v. RDM Multi-Enterprises, Inc.*, 166 Fed. Appx. 929 (9th Cir. 2006).

Therefore, the attorney-client relationship between Plaintiffs and Carter Scholer and Mr. Arnett has broken down to the point that continued representation has been rendered unreasonably difficult by the client and the mutual trust necessary to sustain an appropriate attorney-client relationship no longer exists. Counsel no longer has confidence in Plaintiffs' willingness to meet either their contractual obligations or their obligations to fully cooperate in the representation. The absence of mutual trust also justifies withdrawal of counsel. *See Emerson v. Mass. Port Auth.*, 138 F. Supp. 3d 73, 76 (D. Mass. 2015); *Lindsay v. Admiral Ins. Co.*, 804 F. Supp. 47, 52 (N.D. Cal. 1992); CAL. R. OF PROF. CONDUCT 3-700(C)(1)(d); TEX. DISCIPLINARY R. OF PROF. CONDUCT 1.15(b)(6); ABA MODEL R. OF PROF. CONDUCT 1.16(b)(6). Finally, because mutual trust is a vital component of a healthy and effective attorney-client relationship and such does not exist here, Plaintiffs will be better served by being represented by new counsel where that mutual trust is present.

WHEREFORE, Carter Scholer and Arnett respectfully request that this Court grant their motion and order that they be withdrawn as counsel for Plaintiffs and discharged from all further responsibility to Plaintiffs in this matter.

DATED: March 16, 2017.	J. ROBERT ARNETT II, *Pro Hac Vice*
CARTER SCHOLER, PLLC


By: /s/ J. Robert Arnett II
J. Robert Arnett II, *Pro Hac Vice*
Withdrawing Attorneys for Plaintiffs EVOLV HEALTH, LLC and EVOLVHEALTH MEXICO SERVICIOS, S. de R.L. de C.V.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 16, 2017 on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule 5-3.2.2, and upon the following by electronic mail and hand delivery:

Evolv Health, LLC

5001 Spring Valley Road, Suite 500W

Dallas, Texas 75244


EvolvHealth Mexico Servicios, S. de R.L. de C.V.

5001 Spring Valley Road, Suite 500W

Dallas, Texas 75244

/s/ J. Robert Arnett II
J. Robert Arnett II