1  LEWIS BRISBOIS BISGAARD & SMITH LLP
   CRAIG HOLDEN, SB# 174643
2    E-Mail: Craig.Holden@lewisbrisbois.com
   633 West 5th Street, Suite 4000
3  Los Angeles, California 90071
   Telephone: 213.250.1800
4  Facsimile: 213.250.7900

5  CARTER SCHOLER, PLLC
   J. ROBERT ARNETT II Pro Hac Vice
6    Email: barnett@carterscholer.com
   8150 N. Central Expressway, Suite 500
7  Dallas, Texas 75206
   Telephone: 214.550.8188
8  Facsimile: 214-550-8185

9  Attorneys for Plaintiffs EVOLV HEALTH, LLC
   and EVOLVHEALTH MEXICO SERVICIOS, S.
10 de R.L. de C.V.

11

12                UNITED STATES DISTRICT COURT

13      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

14 EVOLV HEALTH, LLC and          CASE NO. 2:16-cv-01602-ODW (ASx)
   EVOLVHEALTH MEXICO
15 SERVICIOS, S. de R.L. de C.V., 
                                   **DECLARATION OF J. ROBERT**
16        Plaintiffs,             **ARNETT II IN SUPPORT OF**
                                   **MOTION TO WITHDRAW AS**
17        vs.                     **COUNSEL FOR PLAINTIFFS**

18 COSWAY USA, INC., d/b/a         Pretrial Conference: August 7, 2017
   ECOSWAY USA, INC., GLEN        Trial Date: August 29, 2017
19 JENSEN, JEFFREY N. ALDOUS and
   VINCENT TAN,                   Date:    April 17, 2017
20                                Time:    1:30 p.m.
          Defendants and Does 1-10. Place:  Courtroom 11
21                                          312 N. Spring Street
                                            Los Angeles, CA 90012
22                                Judge:   Hon. Otis D. Wright II

23

24

25        1.    My name is J. Robert Arnett II.  I am over the age of eighteen years of

26  age, competent to testify to the matters set forth herein, and have personal

27  knowledge of the facts stated herein and all such facts are true and correct.

28
                                    1
                                                        2:16-cv-01602

2.     I am an attorney licensed to practice law in the States of Texas and Hawaii and the Territory of the United States Virgin Islands.  I am admitted to practice before the United States Supreme Court, the United States Courts of Appeals for the Third, Fifth, Eighth, Ninth, Tenth, Eleventh, and Federal Circuits, and the United States District Courts for the Northern District of Texas, Eastern District of Texas, Southern District of Texas, Western District of Texas, District of Hawaii, District of Arizona, District of Colorado, and District of the Virgin Islands, and admitted *pro hac vice* in this action.  I am a partner in the law firm of Carter Scholer, PLLC (formerly known as Carter Scholer Arnett Hamada & Mockler, PLLC).

3.     Attached hereto as Exhibit 1 is a true and correct copy of an engagement letter dated October 24, 2013 among Evolv Health, Friedman & Feiger, and Carter Scholer.  Michael L. Gaubert, who signed this letter on behalf of Friedman & Feiger, was a partner at Friedman & Feiger at the time and the lawyer who originated this matter.

4.     Pursuant to the engagement letter, on November 13, 2013, Friedman & Feiger and Carter Scholer commenced an action on behalf of Evolv Health, LLC, Evolv Health International, LLC, and EvolvHealth Mexico Servicios, S. de R.L. de C.V., against EpicEra Incorporated, eCosway USA, Inc., Glen Jensen, and Jeffrey N. Aldous, in the 68th Judicial District Court of Dallas County, Texas (the "Texas Action").  Other individuals were subsequently joined as defendants in the Texas Action.

5.     The Texas Court dismissed, without prejudice, certain claims against eCosway, Jensen, and Aldous based on one of three forum selection clauses in a Mutual Non-Disclosure and Non-Circumvention Agreement that had been executed by Evolv Health and eCosway in connection with a meeting in June 2013.  Later, the Texas Court decided that all claims in the Texas Action against eCosway, Jensen, and Aldous should be brought in California and gave Plaintiffs the option of

non-suiting (a voluntary dismissal without prejudice) the remaining claims against these parties in order to bring the claims in California.  Plaintiffs non-suited their remaining claims in the Texas Action against eCosway, Jensen, and Aldous.

6.      In 2015, Mr. Gaubert left Friedman & Feiger and joined Lewis Brisbois Bisgaard & Smith, LLP.  Mr. Gaubert and Friedman & Feiger both continued to work on the Texas Action and agreed that Friedman & Feiger's 75% of the contingent fee would be split equally between them.

7.      On March 10, 2016, the Lewis Brisbois firm filed the complaint commencing this action, which was essentially bringing the claims against eCosway, Jensen, and Aldous that the Texas court had dismissed.  At this time, the Texas Action was set to commence trial in June 2016, but the trial was subsequently reset to commence on August 23, 2016.

8.      In July 2016, Mr. Gaubert left the Lewis Brisbois firm and began practicing as The Gaubert Law Group.  Mr. Gaubert has told me that the Lewis Brisbois firm is functioning as local counsel on an hourly fee basis in this action and that he retains his percentage of the contingent fee.

9.      Mr. Gaubert currently offices in Evolv Health's Dallas office located at 5001 Spring Valley Road, Suite 500W, Dallas, Texas 75244.

10.      The Texas Action was tried to a jury in August and September 2016.  I was lead trial counsel and was assisted by Mr. Gaubert and Carter Boisvert of Friedman & Feiger.  On September 9, 2016, the jury returned a verdict against EpicEra and three individual defendants.  On October 24, 2016, the Texas Court entered a final judgment based on the jury's verdict.

11.      In the course of the Texas Action, Carter Scholer incurred significant out-of-pocket expenses for which it regularly invoiced Plaintiffs.  Plaintiffs did not timely pay those invoices and, by October 2106, had failed to pay Carter Scholer for expenses going back several months (to March 2016).  In addition, Carter Scholer had engaged a damages expert, William Barnard, on behalf of Plaintiffs

3

1   and retained a jury consultant, Cathy E. Bennett & Associates, and a trial

2   technology consultant, Point Multimedia, to assist with the trial in the Texas

3   Action.   Plaintiffs repeatedly failed to pay the invoices of the expert and the

4   consultants.   Carter Scholer and I have had long working relationships with Cathy

5   E. Bennett & Associates and Point Multimedia.  Both are small companies that are

6   harmed by non-payment for their services.

7        12.   In October 2016, I contacted Evolv Health's chairman, Trey White,

8   repeatedly about the unpaid invoices.  Mr. White assured me that he would take

9   care of the invoices, but no payments were made.

10        13.   On November 18, 2016, I had an face-to-face meeting with Mr. White

11   and Mr. Gaubert and advised them that Plaintiffs' failure to pay crucial expenses

12   had created huge problems for me and that Carter Scholer would likely withdraw

13   from all matters for Plaintiffs after the first of the year due to such non-payments.

14   Mr. White promised me that Plaintiffs would pay Carter Scholer's invoices "by the

15   end of the month" (i.e., November 2016).

16        14.   Plaintiffs did not make any payments by the end of November 2016.  I

17   had another face-to-face meeting with Mr. White on December 5, 2016, at which

18   time he promised me that Plaintiffs would pay Carter Scholer's invoices by the end

19   of the year.  On Friday, December 16, 2016, Mr. White told me payment would be

20   made the following week.

21        15.   Plaintiffs did not make <u>any</u> payments on the invoices before the end of

22   December 2016, despite Plaintiffs' repeated assurances during the fall of 2016.

23        16.   In order to preserve our relationship with Cathy E. Bennett &

24   Associates, I agreed to personally pay its invoice and seek reimbursement from

25   Plaintiffs.  I advised Mr. White of this on January 3, 2017.

26        17.   On January 2, 2017, I emailed a letter to Mr. White with a copy to Mr.

27   Gaubert advising that Carter Scholer was withdrawing from the representation of

28

1  Plaintiffs in all matters, including this action, due to persistent non-payment of
2  Carter Scholer's invoices and the invoices of the expert and consultants.

3      18.    On January 5, 2017, Mr. Gaubert called me on behalf of Mr. White
4  and requested that I delay filing any motions to withdraw until after the defendant's
5  post-trial motions were heard in the Texas Action to avoid creating "bad optics"
6  before the Judge in the Texas Action.  I agreed to delay filing the motions to
7  withdraw until after the post-trial motions were heard.

8      19.    On or about January 6, 2017, Plaintiffs paid Carter Scholer's
9  outstanding invoices, but the consultants remained unpaid.  Plaintiffs had reportedly
10 reached a payment plan with Mr. Barnard (the damages expert), but had only made
11 one payment.

12     20.    On January 12, 2017, I emailed Mr. White and Mr. Gaubert and
13 reiterated that Carter Scholer would file its motions to withdraw once the post-trial
14 motions in the Texas Action were heard.

15     21.    On February 2, 2017, Greg Glass of Point Multimedia advised me that
16 his company had been paid that day.

17     22.    The Judge in the Texas Action heard the defendants' post-trial motions
18 on February 6, 2017, and denied the motions.

19     23.    On February 8, 2017, I emailed Mr. White and Mr. Gaubert that we
20 needed to proceed with the withdrawals since the post-trial motions had been heard
21 and decided in Plaintiffs' favor.  In that email, I also asked if someone was going to
22 substitute for Carter Scholer and me in this federal court action.  Thereafter, I had
23 several conversations with Mr. Gaubert about who would be substituting as counsel
24 of record for Carter Scholer and me in this action.  Mr. Gaubert told me that various
25 scenarios were being considered, but did not give me a definitive answer.

26     24.    In February and early March 2017, I dealt with Michael Willes,
27 counsel for defendants in this action, regarding discovery issues because substitute
28 counsel had not been identified.  In the course of this, I sent multiple requests to

1  Mr. White and Mr. Gaubert for input and information regarding these discovery
2  issues--which they ignored.

3       25.   By March 8, 2017, I had run out of patience with the delays and failure
4  to make a decision on substitute counsel.  Accordingly, I prepared a motion for
5  withdrawal of counsel and forms reflecting Plaintiffs' consent to the withdrawal,
6  emailed them to Mr. White and Mr. Gaubert, and requested that the consent forms
7  be signed and returned to me for filing with this Court.

8       26.   On March 8, 2017, Plaintiffs delivered a check to reimburse me for the
9  jury consultant's fees.

10      27.   On March 10, 2017, Mr. White emailed me and took the position that
11 Carter Scholer should remain as counsel of record for Plaintiffs in this action
12 because the invoices that Plaintiffs had persistently failed to pay had been paid
13 now, except for Mr. Barnard's invoices and Plaintiffs were "current" per an
14 agreement with him.  Mr. White did not return the signed consent to withdrawal
15 forms.

16      28.   On March 13, 2017, I emailed Mr. White and explained that Carter
17 Scholer had elected to withdraw on January 2, 2017 based on the many broken
18 promises to pay, and that Plaintiffs finally paying the bills long after they were past
19 due did not change that.  I further advised Mr. White that we would be filing the
20 motion to withdraw as a contested motion.

21      29.   Finally, Carter Scholer and I no longer have the necessary mutual trust
22 in and with Plaintiffs that is a vital component of a healthy and effective attorney-
23 client relationship.  As noted above, Plaintiffs have not cooperated with Carter
24 Scholer and me with respect to the timely payment of Plaintiffs' contractual
25 obligations as well as their non-discretionary obligation to cooperate with counsel
26 in their representation (e.g., with respect to discovery).  Without that mutual trust,
27 this particular attorney-client relationship cannot be sustained.  Plaintiffs would be
28 better served by being represented by new counsel where mutual trust is present.

6                                          2:16-cv-01602

1  Therefore, Carter Scholer and I respectfully request that our motion to withdraw be

2  granted.

3       I declare under penalty of perjury under the laws of the United States that the

4  foregoing is true and correct.

5       Executed at Dallas, Texas, on March 16, 2017.

6

7                 */s/ J. Robert Arnett II*

               J. Robert Arnett II

8

9                **CERTIFICATE OF SERVICE**

10       The undersigned hereby certifies that a true and correct copy of the above

11  and foregoing document has been served on March 16, 2017 on all counsel of

12  record who are deemed to have consented to electronic service via the Court's

13  CM/ECF system per Local Rule 5-3.2.2 and upon the following by electronic mail

14  and hand delivery:

15

16       Evolv Health, LLC

17       5001 Spring Valley Road, Suite 500W

18       Dallas, Texas 75244

19

20       EvolvHealth Mexico Servicios, S. de R.L. de C.V.

21       5001 Spring Valley Road, Suite 500W

22       Dallas, Texas 75244

23

24                 /s/ J. Robert Arnett II

               J. Robert Arnett II

25

26

27

28

2:16-cv-01602