**LEWIS BRISBOIS BISGAARD & SMITH LLP**
CRAIG HOLDEN, SB# 174643
  E-Mail: Craig.Holden@lewisbrisbois.com
ADRIANNA KOURAFAS, SB#301031
  E-Mail: Adrianna.Kourafas@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiffs, EVOLV HEALTH, LLC and EVOLVHEALTH MEXICO SERVICIOS, S. de R.L. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EVOLV HEALTH, LLC and EVOLVHEALTH MEXICO SERVICIOS, S. de R.L. de C.V., <br><br> Plaintiffs, <br><br> vs. <br><br> COSWAY USA, INC., d/b/a ECOSWAY USA, INC., GLEN JENSEN, JEFFREY N. ALDOUS and VINCENT TAN, <br><br> Defendants. | CASE NO. 2:16-cv-01602-ODW (ASx) <br><br> **OPPOSITION TO NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: May 1, 2017 <br> Time: 1:30 p.m. <br> Place: Courtroom 11 <br> 312 N. Spring Street <br> Los Angeles, CA 90012 <br><br> Hon. Otis D. Wright II <br> Courtroom: 11 <br><br> Pre-trial Date: August 7, 2017 <br> Trial Date: August 29, 2017 |

Plaintiffs Evolv Health, LLC, and EvolvHealth Mexico Servicios, S. de R.L. de C.V. (collectively "Plaintiffs") hereby oppose J. Robert Arnett II's ("Mr. Arnett") and Carter Scholer, PLLC's ("Carter Scholer") motion for leave to withdraw as counsel for Plaintiffs, and in support thereof submit the declarations of Craig Holden, Adrianna Kourafas, and Lewis Brisbois Bisgaard & Smith LLP (collectively referred to as "LBBS").

# MEMORANDUM OF POINTS AND AUTHORITIES

Mr. Arnett and Carter Scholer bring an unfair motion for leave to withdraw as counsel for Plaintiffs on the eve of the fact and expert discovery deadlines, and just a few months from trial – after having served as lead counsel under a contingency agreement for this lawsuit (and its predecessor) for over 4 years. Withdrawal at this late stage, would be grossly prejudicial and unfair under the circumstances.

Mr. Arnett and Carter Scholer have handled this case and the related Texas action almost exclusively, and they possess the requisite knowledge of the evidence needed to prosecute this case that is scheduled for trial this coming August. Substitution of LBBS or another firm as lead counsel would be too costly for Plaintiffs who have relied upon Carter Scholer as contingency counsel. It would be unfair after more than four years of investment with Carter Scholer as lead counsel, to withdraw over a minor dispute involving *already-paid* invoices, and discovery miscommunications that Plaintiffs believe they resolved with Mr. Arnett.

Plaintiffs respectfully request that this Court deny Mr. Arnett's and Carter Scholer's motion and order that they remain as lead counsel for Plaintiffs in this matter. In the event the Court is inclined to grant their request to withdraw, LBBS requests that it too be permitted to withdraw given its lack of involvement in this case and the related Texas action and the lack of a fee arrangement with LBBS for lead counsel representation. In the event the Court is inclined to grant Mr. Arnett's and Carter Scholer's request to withdraw but not LBBS's, LBBS and its attorneys request a continuance of trial and discovery dates and all other case deadlines so it can have sufficient time to review and digest the Texas Action, which is part and parcel of this action.

## I. ARGUMENT

Unless good cause is shown and the ends of justice so require, no substitution or relief of attorneys will be allowed where it will cause delay in prosecution of the action. CD CA Rule 83-2.3.5. Failure of the client to pay agreed compensation is

1 not necessarily sufficient to establish good cause. CD CA Rule 83-2.3.2.[1]

2 Moreover, as can be seen from a case on which Mr. Arnett and Carter Scholer rely, withdrawal is not appropriate where there is possible prejudice to the interests of those entitled to have the case proceed. *People v. Prince*, 268 Cal. App. 2d 398, 406 (1968). The disruptive impact that counsel's withdrawal would have on the case can also be a consideration for the court. *Austin Inv. Fund, LLC v. United States*, 2011 U.S. Dist. LEXIS 120344, *3 (C.D. Cal. 2011), citing *Whiting v. Lacara,* 187 F.3d 317, 320 (2d Cir. 1999). Withdrawal of counsel is not appropriate where withdrawal would seriously jeopardize a plaintiff's ability to prosecute his case. *Lacara*, 187 F.3d at p. 320. When it would be difficult for a plaintiff, if not impossible, to find replacement counsel that would be able to prepare a complicated case in time for trial, it would prejudice the plaintiff. See Id.

Despite Mr. Arnett and Carter Scholer's attempt to argue the contrary, Plaintiffs will be burdened by Mr. Arnett's and Carter Scholer's withdrawal. Of the remaining counsel, Mr. Gaubert has never made an appearance in this action, and LBBS has only represented Plaintiffs as local counsel for the purpose of assisting with local procedure, which LBBS has done to a limited extent. Gaubert Decl., ¶4; Holden Decl., ¶6.

Moreover, Mr. Arnett and Carter Scholer cannot claim that Plaintiffs failure to pay constitutes grounds for withdrawal when Plaintiffs have fulfilled their payment obligations to Mr. Arnett and Carter Scholer. Gaubert Decl., ¶¶4, 10-11. They have a payment plan in place for the damages expert and have otherwise paid all bills and invoices. Id.

Moreover, Mr. Arnett and Carter Scholer cannot claim a failure to respond to discovery requests constitutes grounds for withdrawal when Plaintiffs delay in

---

[1] Some of the law cited to in the moving papers does not state what the movants purport it does. For example, in *Duchrow v. Forrest*, 215 Cal. App. 4th 1359, 1376 (2013) the court deals with the issue of payment to attorneys that have withdrawn from representation (for good cause).

response, if any, was due to a family emergency about which Mr. Arnett was aware. Gaubert Decl., ¶¶416-17, 19-20.

      Mr. Arnett and Carter Scholer claim a purported breakdown of the attorney-client relationship with to the point that continued representation has been rendered unreasonably difficult by Plaintiffs. Plaintiffs have not made this determination. Quite the contrary. In fact, Plaintiffs disagree that they will be better served by being represented by new counsel. Given Mr. Arnett's unique and extensive knowledge regarding this matter that spans at least four years, and the fact that his firm is handling this matter under a contingency fee arrangement, it is nearly impossible for Plaintiffs to be able to find new counsel to try this case in less than six months. White Decl., ¶8. Moreover, it would be a financial hardship on Plaintiffs at this late date to be able to find substitute counsel to get up to speed in this matter. Id. Moreover, because Mr. Arnett's firm has already obtained a judgment in the Texas Action against Defendants related to the Defendants in the California case, there is no way to bring another contingency lawyer in because there is no additional contingency fee to share with new counsel. White Decl., ¶9. It would be an undue burden and financial hardship on Plaintiffs to be able to find substitute counsel. Id.

      Indeed, Plaintiffs will be prejudiced by having the counsel that has represented them for over four years and has exclusive knowledge of the evidence needed to prosecute this case, which is part and parcel of the Texas Action, withdraw. Holden Decl., ¶7. Moreover, the other parties will be prejudiced by substitution of lead counsel, even if said counsel is LBBS, because it will take significant time for the new lead attorneys to obtain the requisite knowledge of the Texas Action to prosecute the case. Moreover, there is no retainer agreement between Plaintiffs and LBBS that would enable LBBS to take on the lead counsel role, and LBBS is not in a position to continue without such a retainer, which the Plaintiffs have not agreed to pay. Holden Decl., ¶8-9. Rather, the Plaintiffs continue to try to convince Mr. Arnett and Carter Scholer to remain as lead counsel.

In light of the foregoing, Plaintiffs respectfully request that Mr. Arnett's and Carter Scholer's motion to withdraw be denied.

DATED: March 27, 2017          LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Craig Holden*
Craig Holden
Adrianna Kourafas
Attorneys for Plaintiffs, EVOLV HEALTH, LLC and EVOLVHEALTH MEXICO SERVICIOS, S. de R.L. de C.V.