**LEWIS BRISBOIS BISGAARD & SMITH LLP**
CRAIG HOLDEN, SB# 174643
  E-Mail: Craig.Holden@lewisbrisbois.com
ADRIANNA KOURAFAS, SB#301031
  E-Mail: Adrianna.Kourafas@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiffs, EVOLV HEALTH, LLC and EVOLVHEALTH MEXICO SERVICIOS, S. de R.L. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EVOLV HEALTH, LLC and EVOLVHEALTH MEXICO SERVICIOS, S. de R.L. de C.V., <br><br> Plaintiffs, <br><br> vs. <br><br> COSWAY USA, INC., d/b/a ECOSWAY USA, INC., GLEN JENSEN, JEFFREY N. ALDOUS and VINCENT TAN, <br><br> Defendants. | CASE NO. 2:16-cv-01602-ODW (ASx) <br><br> **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **Date; May 1, 2017** <br> **Time: 1:30 p.m.** <br> **Place: Courtroom 11** <br> **          312 N. Spring Street** <br> **          Los Angeles, CA 90012** <br><br> Hon. Otis D. Wright II <br> Courtroom: 11 <br><br> Pre-trial Date: August 7, 2017 <br> Trial Date: August 29. 2017 |

TO PLAINTIFFS EVOLV HEALTH, LLC, AND EVOLVHEALTH MEXICO SERVICIOS, S. de R.L. de C.V., AND TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Monday, May 1, 2017, at 1:30 p.m., in Courtroom 11 of the United States Courthouse located at 312 North Spring Street, Los Angeles, California 90012, Craig Holden, Adrianna Kourafas and Lewis Brisbois Bisgaard & Smith LLP (collectively, "LBBS") will and hereby do move for leave to withdraw as counsel for Plaintiffs Evolv Health, LLC, and EvolvHealth

Mexico Servicios, S. de R.L. de C.V.

LBBS moves for leave to withdraw as counsel for Plaintiffs Evolv Health, LLC, and EvolvHealth Mexico Servicios, S. de R.L. de C.V. (collectively "Plaintiffs"), pursuant to Rule 7 of the Federal Rules of Civil Procedure and Local Rule 83-2.3.2.

Good cause exists for the withdrawal of counsel because: (1) lead counsel, J. Robert Arnett II ("Mr. Arnett") and Carter Scholer PLLC ("Carter"), are seeking to withdraw in the absence of substitute lead counsel in a case involving a more than 4-year litigation history with a prior Texas action with which LBBS was not involved and about which LBBS does not have the requisite knowledge of the evidence to prosecute this action as LBBS has only served a limited role solely as local counsel; (2) Plaintiffs have refused to provide LBBS with a retainer it has requested and that is necessary for LBBS to serve in the lead counsel role and Plaintiffs have failed to comply with LBBS's fee agreement by paying the additional retainer LBBS demanded for it to take over as lead counsel in this litigation, which will be a time-consuming and costly endeavor; and, (3) to the extent Plaintiffs have disregarded their obligations to pay Mr. Arnett and Carter, LBBS is concerned Plaintiffs may also disregard its payment obligations to LBBS.

This motion to withdraw is made in compliance with the local rules. The withdrawal of counsel is not sought for delay but so that justice may be done.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

WHEREFORE, LBBS respectfully requests that this Court grant its motion and order that it be withdrawn as counsel for Plaintiffs and discharged from all further responsibility to Plaintiffs in this matter.

DATED: April 3, 2017          LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     */s/ Craig Holden*
Craig Holden
Adrianna Kourafas
Attorneys for Plaintiffs EVOLV HEALTH, LLC and EVOLVHEALTH MEXICO SERVICIOS, S. de R.L. de C.V.

# MEMORANDUM OF POINTS AND AUTHORITIES

Craig Holden, Adrianna Kourafas, and Lewis Brisbois Bisgaard & Smith LLP (collectively, "LBBS") move for leave to withdraw as counsel for Plaintiffs Evolv Health, LLC, and EvolvHealth Mexico Servicios, S. de R.L. de C.V. (collectively "Plaintiffs"), pursuant to Rule 7 of the Federal Rules of Civil Procedure and Local Rule 83-2.3.2.

Good cause exists for the withdrawal of counsel because: (1) lead counsel, J. Robert Arnett II ("Mr. Arnett") and Carter Scholer PLLC ("Carter"), are seeking to withdraw in the absence of substitute lead counsel in a case involving a more than 4-year litigation history with a prior Texas action with which LBBS was not involved and about which LBBS does not have the requisite knowledge of the evidence to prosecute this action as LBBS has only served a limited role solely as local counsel; (2) Plaintiffs have refused to provide LBBS with a retainer it has requested and that is necessary for LBBS to serve in the lead counsel role and Plaintiffs have failed to comply with LBBS's fee agreement by paying the additional retainer LBBS demanded for it to take over as lead counsel in this litigation, which will be a time-consuming and costly endeavor; and, (3) to the extent Plaintiffs have disregarded their obligations to pay Mr. Arnett and Carter, LBBS is concerned Plaintiffs may also disregard its payment obligations to LBBS.

In light of the foregoing, LBBS respectfully requests that this Court grant its motion for leave to withdraw and order that it be withdrawn as counsel for Plaintiffs and be discharged from all further responsibility to Plaintiffs in this matter.

## I. FACTUAL BACKGROUND

Mr. Arnett had been representing Plaintiffs in a related action that he and his firm commenced on November 13, 2013—about three and a half years prior to Mr. Arnett's initial contact with Mr. Holden—against EpicEra Incorporated, eCosway USA, Inc., Glen Jensen, and Jeffrey N. Aldous in the 68th Judicial District Court of Dallas County, Texas (the "Texas Action"). Holden Decl., ¶2. Attorney Michael

Gaubert was Mr. Holden's partner at the time, and asked Mr. Arnett to contact Mr. Holden, following a venue dispute in the Texas Action that required that Mr. Arnett dismiss a portion of the Texas Action and re-file it in California. Id. Mr. Arnett asked Mr. Holden to help him obtain pro hac vice status for the present action, and indicated that the Texas Court dismissed certain claims against eCosway, Jensen, and Aldous and directed that all such claims against these parties be brought in California. Id. Mr. Arnett indicated he would be serving as lead counsel. Id.

Mr. Arnett drafted the complaint commencing this action, which, per Mr. Arnett's request, Mr. Holden filed for him on March 10, 2016. Id., ¶3. Neither Mr. Holden nor his LBBS colleagues were involved in drafting the complaint. Id.

On April 1, 2016, Mr. Holden filed an application for Mr. Arnett to appear pro hac vice as counsel for Plaintiffs in this action, and this Court granted the application. Id., ¶4. Mr. Arnett and Plaintiffs confirmed to LBBS that Carter Scholer would serve as lead counsel given its historical knowledge of the Texas Action (which led to this action) and that LBBS would be expected to serve as local counsel. Id.

Without any advance warning to LBBS, Mr. Arnett and Carter Scholer filed a motion to withdraw as counsel on March 16, 2017. Id., ¶5. Their motion was largely based on Plaintiffs purported failure to timely pay all invoices, bills, and other such obligations. Holden Decl., ¶15. Plaintiffs filed an opposition on March 27, 2017 along with supporting declarations. Holden Decl., ¶5. One such supporting declaration was the declaration of Craig Holden, which not only opposed Mr. Arnett's and Carter Scholer's request for withdrawal but also provided written notice of LBBS's intent to file this motion to withdraw. Id.

Mr. Arnett and Carter Scholer have served as lead counsel in the related Texas Action that has been heavily litigated for over three years (with numerous motions and depositions), and of the named counsel in this action, exclusively have the knowledge of the evidence from the Texas Action (which LBBS never appeared

1  in) needed to prosecute the current case scheduled for trial this August, and LBBS
2  does not presently have this knowledge. Id., ¶6. It would be too costly for Plaintiffs
3  to pay LBBS substantial sums for LBBS to learn what Carter Scholer already knows
4  about the Texas Action. Id.

Even LBBS's involvement with local procedure inquiries has been extremely limited. Holden Decl., ¶7. In fact, to date, LBBS has billed a very small amount of fees (approximately $15,000) to Plaintiffs as local counsel since Mr. Arnett and his firm have performed all of the substantive and even most procedural work, to date. Id. Given LBBS's limited involvement in the case to date and lack of knowledge of the evidence from the Texas Action, it would be of little consequence to Plaintiffs if LBBS withdrew. In fact, it would likely cost roughly the same for substitute counsel to review and digest the extensive history of litigation in the Texas Action as it would for LBBS to do so. Id.

While LBBS understands the basics of the case, the parties to this action agreed in July 2016 that documents produced in the Texas Action would be deemed produced in this action, as is reflected in the joint report filed on July 18, 2016. Holden Decl., ¶8. In short, the discovery from the Texas Action will be relied upon in this action. Id. This action is part and parcel of the Texas Action that now has 4.5 year litigation history for which LBBS does not have the details associated with the supporting evidence. Id. This information resides with Mr. Arnett and his firm.

Since the filing of this action, it was known and agreed upon that Mr. Arnett and his firm would be leading it. Holden Decl., ¶9. If they are permitted to withdraw, there will be a dramatic change in the relationship with Plaintiffs, which LBBS cannot take on under the present circumstances. Id. Plaintiffs have refused to provide LBBS with a retainer that would enable LBBS to take on the lead counsel role, and LBBS is not in a position to continue without such a retainer. Id. Mr. Holden has spoken with Mr. Arnett and Plaintiffs to notify them that if Carter Scholer withdraws, LBBS would also be forced to withdraw since it would no

longer be serving as local counsel as everyone anticipated. Id.  In contrast, Carter Scholer is a contingency fee based counsel and their withdrawal would result in the Plaintiffs having to suddenly account for paying an hourly fee firm for what was intended to be a contingency fee case, with limited involvement of hourly fee counsel. Id.  Nor have Plaintiffs agreed to pay LBBS a financial retainer necessary to serve as lead counsel, and nor does Mr. Holden expect they will be able to given their intent to rely upon contingency counsel. Id.  Pursuant to LBBS's current retainer agreement, it is therefore necessary that LBBS also withdraw as counsel if Mr. Arnett and his firm are permitted to do so. Id., ¶9, Exhibit 1.  This retainer agreement, Section 8 and 11 (subsections 4-6), provides that the client agrees LBBS may demand a retainer if there is a chance in circumstances, and/or withdraw if there is a financial burden on the law firm to continue with the case or other good cause. Id.

During a telephone conference with the client on March 27, 2017, I asked the client for a $50,000 retainer for LBBS to remain in this action. Id., ¶10.  Plaintiffs have not agreed. Id.  The call on March 27 also highlighted a conflict/adversarial relationship with Plaintiffs regarding the fee arrangement. Id.  Specifically, it was discussed during the call that LBBS would need a substantial financial retainer to take on the role of lead counsel in this case otherwise (and in the event Mr. Arnett and Carter Scholer are withdrawn as counsel) LBBS will have no choice but to also file a motion to withdraw as counsel. Id.  Plaintiffs have not agreed to the retainer required by LBBS and continue to instead request that Mr. Arnett remain in the case. Id.  As such, in the event Mr. Arnett and Carter Scholer are withdrawn as counsel, LBBS should also be permitted to withdraw as counsel. Id.

Mr. Holden had a telephone conference about LBBS's motion to withdraw on March 31, 2017 with Michael Gaubert and Larry Friedman from Friedman & Feiger—a firm where Mr. Gaubert previously worked and that assisted Mr. Arnett in prosecuting the Texas Action. Id., ¶11.  Mr. Holden discussed with these men lead

7    2:16-cv-01602-ODW (ASx)
NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS

counsel representation in the event Mr. Arnett's and Carter Scholer's motion to withdraw is granted. Id. During the call, Mr. Friedman refused to commit to taking over the lead counsel role in this action, despite his firms' involvement in the Texas Action and more extensive knowledge-base for the prosecution of this action. Id. Also during this call, it was confirmed that no arrangements have been made for another firm to appear in this action. Id. During this teleconference, Mr. Holden reiterated that LBBS would be filing a motion to withdraw as counsel. Id.

Notably, LBBS only learned of Mr. Arnett's and Carter Scholer's intent to withdraw in March 2017, and not long after LBBS became aware of this intent, LBBS instructed Plaintiffs to seek alternate lead counsel, even suggesting on multiple occasions that Friedman & Feiger would be (the most) appropriate for the lead counsel role given said firm's knowledge of the relevant litigation history. Id., ¶12. Plaintiffs have not obtained alternate counsel, and during the teleconference with Larry Friedman from Friedman & Feiger on March 31, Mr. Friedman refused to commit to taking over the lead counsel role in this action, despite his firms' involvement in the Texas Action and more extensive knowledge-base for the prosecution of this action. Id. Plaintiffs have been provided with more than ample opportunity to arrange for substitute counsel but have not made such arrangements. Id.

LBBS has yet to receive a response to its prior demand for an increased retainer in order to remain in the action. Id., ¶13.

Moreover, beyond the fee arrangement issue, due to LBBS's limited involvement in the case to date, in order to represent Plaintiffs as lead counsel, LBBS would need to review and digest over four years' worth of litigation history between the Texas Action and this action, which would take significant time at significant cost to Plaintiffs and I have notified Evolv's CEO that this would cost at least $250,000. Id., ¶14. If LBBS was substituted as lead counsel, the time and expense of getting caught up to speed on four-plus years of litigation with

significant discovery would pose an issue for Plaintiffs. Id.

In light of the foregoing, LBBS respectfully requests that this Court grant its motion for leave to withdraw and order that they be withdrawn as counsel for Plaintiffs and be discharged from all further responsibility to Plaintiffs in this matter. Id., ¶16.

## II. ARGUMENT

Counsel may withdraw when the client, by its conduct, renders it unreasonably difficult for the member to carry out the employment effectively. Cal. Rules of Prof'l Conduct, Rule 3-700(C)(1)(d). Counsel may also withdraw when it in good faith believes that the court will find good cause for withdrawal. Cal. Rules of Prof'l Conduct, Rule 3-700(C)(6). Moreover, a lawyer may withdraw from representation of a client when (1) withdrawal can be accomplished without material adverse effect on the interests of the client; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists. ABA Rules of Prof'l Conduct, Rule 1.16(b)(1), (6), (7). Counsel may withdraw when Plaintiffs are not burdened by the withdrawal. See *Brown & Bain, P.A. v. O'Quinn*, 518 F.3d 1037, 1042 (9th Cir. 2008). When good cause is shown and the ends of justice so require, substitution or relief of attorneys will be allowed even where it will cause delay in prosecution of the action. CD CA Rule 83-2.3.5.

Good cause exists for LBBS's withdrawal because LBBS has only represented Plaintiffs in this action as local counsel for the purpose of assisting with local procedure, which LBBS has done to a limited extent. Holden Decl., ¶¶4, 7. Indeed, LBBS has billed a very small amount of fees to Plaintiffs as local counsel since Mr. Arnett and his firm have performed all of the substantive and even most procedural work, to date. Id., ¶7. LBBS does not presently have the knowledge that Mr. Arnett and Carter Scholer obtained while serving as lead counsel in the related Texas Action that has been heavily litigated for over three years (with numerous

motions and depositions); Mr. Arnett and Carter Scholer exclusively have the knowledge as named counsel of the evidence from the Texas Action (which LBBS never appeared in) needed to prosecute the current case scheduled for trial this August. Id., ¶6. Moreover, due to LBBS's limited involvement in the case to date, in order to represent Plaintiffs as lead counsel, LBBS would need to review and digest over four years' worth of litigation history between the Texas Action and this action, which would take significant time at significant cost to Plaintiffs. Id., ¶14. If LBBS were substituted as lead counsel, the time and expense of getting caught up to speed on four-plus years of litigation with significant discovery would pose an issue for Plaintiffs. Id. Even more problematic is the fact that Plaintiffs have failed to provide the substantial retainer that LBBS demanded in return for any representation by LBBS as lead counsel if Mr. Arnett and Carter Scholer are dismissed. Id.

Plaintiffs would not be burdened or prejudiced by LBBS's withdrawal. Given LBBS's limited involvement in the case to date and lack of knowledge of the evidence from the Texas Action, which is part and parcel of this action, it would be of little consequence to Plaintiffs if LBBS withdrew. Holden Decl., ¶¶6-8. In fact, it would likely cost roughly the same for substitute counsel to review and digest the extensive history of litigation in the Texas Action as it would for LBBS to do so. Id., ¶7. LBBS cannot be substituted as lead counsel because Plaintiffs have not agreed to provide it with the substantial retainer LBBS demanded in order for it to serve in the lead counsel role. Id., ¶¶9-11, 13. This would result in an unreasonable financial burden on LBBS to take over as lead counsel without the appropriate agreement and retainer in place. Plaintiffs have refused to provide LBBS with a retainer that would enable LBBS to take on the lead counsel role, and LBBS is not in a position to continue without such a retainer. Holden Decl., ¶9. Rather than pay the retainer or search for alternate counsel, Plaintiffs continue to instead request that Mr. Arnett and Carter Scholer remain as lead counsel. Id., ¶10.

Plaintiffs will also not be burdened or prejudiced by the withdrawal of LBBS

and its attorneys because Mr. Gaubert and Friedman & Feiger, even if they have not entered appearances of record, remain interested in this action and involved in the trial of the Texas Action that substantially overlaps with this action. Holden Decl., ¶11. Moreover, Plaintiffs have had ample notice of LBBS's intent to withdraw in the event Mr. Arnett and Carter Scholer withdraw as lead counsel and in the event that Plaintiffs did not pay the substantial retainer LBBS demanded in order to substitute LBBS as lead counsel. Holden Decl., ¶12. In fact, not long after LBBS became aware in March 2017 of Mr. Arnett's and Carter Scholer's intent to withdraw, LBBS instructed Plaintiffs to seek alternate lead counsel, even suggesting on multiple occasions that Friedman & Feiger would be (the most) appropriate for the lead counsel role given its knowledge of the relevant litigation history. Id. Plaintiffs have not obtained alternate counsel, and during a teleconference with Larry Friedman from Friedman & Feiger on March 31, 2017, Mr. Friedman refused to commit to taking over the lead counsel role in this action, despite his firms' involvement in the Texas Action and more extensive knowledge-base for the prosecution of this action. Id., ¶11. According to Mr. Arnett's declaration in support of his and Carter Scholer's motion to withdraw, Mr. Arnett also informed Plaintiffs many months ago about his and his firm's intent to withdraw as counsel and Plaintiffs' need to obtain new counsel. Id., ¶12. According to the declaration, Mr. Arnett had several conversations with Mr. Gaubert in February 2017 about who would be serving as substitute counsel, and the only response that was received was that various scenarios were being considered; no substitute counsel was identified. Id. Plaintiffs have been provided with more than ample opportunity to arrange for substitute counsel, in accordance with California Rules of Professional Conduct Rule 3-700(A)(2).

In Mr. Arnett's declaration in support of his and his firm's motion to withdraw, he states that Plaintiffs failed to pay their obligations. Holden Decl., ¶15. This is troubling to LBBS. Id. To the extent Plaintiffs have disregarded their

obligations to pay Mr. Arnett and Carter, LBBS is concerned Plaintiffs may also disregard its payment obligations to LBBS and therefore believe withdrawal is appropriate.

Plaintiffs alleged conduct, including its purported failure to timely pay its obligations, has resulted in a request by lead counsel to withdraw from this action, which has in turn rendered it unreasonably difficult for LBBS to serve in its local counsel role—the very limited position in which it was hired and agreed to serve. LBBS's withdrawal is therefore appropriate.

Even if LBBS's withdrawal delays the action, there exists good cause for the withdrawal and the ends of justice require it. Thus, withdrawal by LBBS is appropriate. Importantly, LBBS instructed Plaintiffs to find alternate counsel, including lead counsel, soon after learning of Mr. Arnett's and Carter Scholer's motion to withdraw. LBBS's withdrawal should not cause delays, as LBBS point Plaintiffs on notice of its withdrawal as soon as practicable. Plaintiffs have also been purported advised by Mr. Arnett to look for substitute counsel for many months.

Plaintiffs will be better served by being represented by new counsel if Mr. Arnett and Carter Scholer are permitted to withdraw as lead counsel.

WHEREFORE, LBBS respectfully requests that this Court grant its motion and order that it be withdrawn as counsel for Plaintiffs and discharged from all further responsibility to Plaintiffs in this matter.

DATED: April 3, 2017     LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     */s/ Craig Holden*
        Craig Holden
        Adrianna Kourafas
        Attorneys for Plaintiffs EVOLV HEALTH, LLC and EVOLVHEALTH MEXICO SERVICIOS, S. de R.L. de C.V.

# CERTIFICATE OF SERVICE

*EVOLV HEALTH, LLC, et al. v. COSWAY USA, INC., et al.*
United States District Court, Central District, Western Division
Case no. 2:16-cv-01602-ODW (ASx)

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to the action. My business address is 650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On April 3, 2017, I served the following document(s): **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on April 3, 2017, at Costa Mesa, California.

*Susan Song*

_____
Susan Song

# SERVICE LIST

*EVOLV HEALTH, LLC, et al. v. COSWAY USA, INC., et al.*
United States District Court, Central District, Western Division
Case no. 2:16-cv-01602-ODW (ASx)

| | |
|---|---|
| TONKON TORP LLP<br>Steven M. Wilker, Esq.<br>Frank J. Weiss, Esq.<br>Michael C. Willes, Esq.<br>888 SW Fifth Avenue, Suite 1600<br>Portland, OR 97204<br>Telephone: 503.221.1440<br>Facsimile: 503.274.8779 | Attorneys for Defendants,<br>COSWAY USA, INC., d/b/a Ecosway USA, INC., GLEN JENSEN and JEFFREY N. ALDOUS |
| CARTER SCHOLER ARNETT HAMADA & MOCKLER, PLLC<br>J. Robert Arnett II, Pro Hac Vice<br>8150 N. Central Expressway, Suite 500<br>Dallas, TX 75206<br>Telephone: 214.550.8188<br>Facsimile: 214.550.8185 | Attorneys for Plaintiffs, EVOLV HEALTH, LLC and EVOLVHEALTH MEXICO SERVICIOS, S. de R.L. de C.V. |