# United States District Court
# Central District of California

| | |
|---|---|
| EVOLV HEALTH, LLC; EVOLVHEALTH MEXICO SERVICIOS, S. de R.L. de C.V., <br><br> Plaintiffs, <br><br> v. <br><br> COSWAY USA, INC. dba ECOSWAY USA, INC.; GLEN JENSEN; JEFFREY N. ALDOUS; and VINCENT TRAN, <br><br> Defendants. | Case № 2:16-cv-01602-ODW (ASx) <br><br> **ORDER GRANTING MOTIONS TO WITHDRAW AS COUNSEL OF RECORD [41, 53]** |

## I. INTRODUCTION

Pending before the Court are the motions of Carter Scholer, PLLC and Lewis Brisbois Bisgaard & Smith LLP ("LBBS") to withdraw as counsel of record for Plaintiffs Evolv Health, LLC and EvolvHealth Mexico Servicios, S. de R.L. de C.V. (collectively "Evolv Health"). (ECF Nos. 41, 53.) For the reasons discussed below, the Court **GRANTS** both Motions.[1]

///

---

[1] After carefully considering the papers filed in connection with these Motions, the Court deems them appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. The Court therefore **VACATES** the hearing for these Motions.

## II. BACKGROUND

This case stems from a dispute between competitors in the nutritional health industry. In a nutshell, Evolv Health alleges that Defendants stole proprietary information from it and started a competing business. (*See generally* First Am. Compl. ¶¶ 10–49, ECF No. 31.) In October 2013, Evolv Health retained Michael L. Gaubert of Friedman & Feiger LLP and J. Robert Arnett, II of Carter Scholer Arnett Hamada & Mockler, PLLC (now Carter Scholer PLLC) to represent it in a civil action against various entities involved in this dispute, including the Defendants in this action. (Arnett Decl. ¶¶ 3–4, ECF No. 43.) Under the retainer agreement, both firms agreed to work for their fees on a contingency basis, but Evolv Health agreed to reimburse the firms on a monthly basis for costs incurred. (*Id.*, Ex. 1.) The agreement expressly provides that the firms may withdraw from the representation if Evolv Health "disregards an agreement or obligation to the Firm to pay attorneys' fees and expenses." (*Id.*)

Gaubert and Arnett filed an action against several persons and entities, including Defendants, in Texas state court. (*Id.* ¶ 4.) The Texas court dismissed Defendants based on a forum selection clause, and thus Evolv Health filed this action against Defendants in March 2016. (*Id.* ¶ 5.) Evolv Health retained Craig Holden of LBBS to act as local counsel in California, and Arnett—who is not licensed to practice in California—appeared in this action *pro hac vice*. (*Id.* ¶ 8; ECF Nos. 11, 12.) Only LBBS and Carter Scholer are counsel of record in this action; neither Gaubert nor Friedman & Feiger have made an appearance. (*Id.* ¶ 8.)

Arnett, Gaubert,[2] and Carter Boisvert of Friedman & Feiger continued as counsel for Evolv Health in the Texas action against the other non-dismissed defendants. The Texas action proceeded to trial in August 2016, which resulted in a favorable verdict for Evolv Health. (*Id.* ¶ 10.) Carter Scholer incurred "significant"

---

[2] In 2015, Gaubert moved from Friedman & Feiger to LBBS for approximately one year before starting his own firm, The Gaubert Law Group, in July 2016. (Arnett Decl. ¶¶ 6, 8.)

out of pocket expenses in connection with that trial, which Evolv Health failed to pay on a timely basis. (*Id.* ¶ 11.) In fact, Evolv Health had failed to pay expenses in connection with that lawsuit as early as March 2016. (*Id.*) In October 2016, and again in November 2016, Evolv Health's chairman, Trey White, assured Arnett that the company would reimburse Carter Scholer for those expenses before the end of November 2016. (*Id.* ¶¶ 12–13.) Arnett informed Evolv Health that Carter Scholer would need to withdraw from the representation in both actions if the expenses were not reimbursed by January 1, 2017. (*Id.* ¶ 13–14.) Having failed to pay the expenses by November 2016, White again assured Arnett that Evolv Health would reimburse those expenses by January 1, 2017, but nonetheless failed to do so. (*Id.* ¶ 15.) Two days later, Arnett personally paid portions of the outstanding expenses, and notified Evolv Health that Carter Scholer intended to withdraw from the representation. (*Id.* ¶¶ 16–17.) Following this, Gaubert requested that Arnett remain as counsel in both this action and the Texas action until after post-trial motions in the Texas action were adjudicated, to which Arnett agreed. (*Id.* ¶ 18.)

In February 2017, the Texas court denied all post-trial motions. (*Id.* ¶ 22.) Arnett immediately e-mailed both White and Gaubert and informed them that Carter Scholer intended to withdraw, and asked whether substitute counsel would appear in the actions. (*Id.* ¶ 23.) Neither White nor Gaubert provided a definitive answer. (*Id.*) On March 8, 2017, Arnett informed White and Gaubert that Carter Scholer could no longer wait for a response regarding substitute counsel and would immediately move to withdraw as counsel. (*Id.* ¶ 25.) That same day, Evolv Health—which, during the first part of 2017, had made steady payments on outstanding invoices to various vendors—delivered a check to Arnett for reimbursement of the last of the outstanding invoices (although Evolv Health was still making direct payments to another trial expert). (*Id.* ¶¶ 19, 21, 26.) Evolv Health insisted that Carter Scholer not withdraw from this action because all outstanding invoices were now fully paid (or, in the case of the expert, was being paid in accordance with an agreed-upon payment schedule).

Arnett explained, however, that Carter Scholer still intended to withdraw from this action based on the drawn out process of obtaining payment from Evolv Health over the past year. (*Id.* ¶¶ 27–28.)

On March 16, 2017, Carter Scholer moved to withdraw as counsel of record in this action. (ECF No. 41.) Evolv Health, through LBBS, opposed the Motion. (ECF No. 51.) Evolv Health argued that Arnett, having acted as lead trial counsel in both the Texas action and this action, is the only attorney with sufficient knowledge of the underlying facts to try this case, and that permitting his withdrawal from this action only a few months before the trial date[3] would be extremely prejudicial to Evolv Health. (*Id.*) One week after LBBS opposed Carter Scholer's Motion, LBBS filed its own motion to withdraw as counsel, citing its lack of in-depth knowledge of the facts underlying this action and Evolv Health's refusal to pay a retainer fee to LBBS to act as lead counsel (as opposed to local counsel). (ECF No. 53.) No opposition was filed to LBBS's motion. Those Motions are now before the Court for decision.

### III. LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. The motion for leave to withdraw must be supported by good cause." C.D. Cal. L.R. 83-2.3.2. In determining whether good cause is shown, the court may consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Liang v. Cal-Bay Int'l, Inc.*, No. 06CV1082-WMC, 2007 WL 3144099, at *1 (S.D. Cal. Oct. 24, 2007) (citations and internal quotation marks omitted). The court may also consider any relevant rules of professional conduct. *Austin Inv. Fund, LLC v. United States*, No.

---

[3] The discovery cutoff is set for May 30, 2017, and trial is set for August 29, 2017. (ECF No. 36.)

SACV 11-750 DOC ANX, 2011 WL 4947550, at *1 (C.D. Cal. Oct. 17, 2011). However, "[u]nless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." C.D. Cal. L.R. 83-2.3.5. "The trial court has discretion in determining whether to grant counsel's motion for withdrawal." *Austin Inv. Fund, LLC*, 2011 WL 4947550, at *1; *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

## IV. DISCUSSION

### A. Carter Scholer's Motion to Withdraw

Carter Scholer cites two reasons why it should be permitted to withdraw from this action: (1) Evolv Health's repeated failure to pay expenses from the Texas action in a timely manner in breach of the retainer agreement; and (2) breakdown in the attorney-client relationship, as evidenced by White and Gaubert's failure to meaningfully respond to Arnett's emails regarding Evolv Health's discovery responses in this action and the "increasingly bitter and acrimonious" communications between Arnett and Evolv Health. (*See generally* Mot. at 6–8, ECF No. 42; Reply at 9, ECF No. 52.) The Court concludes that the failure to pay expenses in a timely manner constitutes sufficient cause to withdraw from the action and thus does not address the second basis for withdrawal.

Failure to pay attorneys' fees or costs constitutes good cause for withdrawal from a representation. *See Kirkland v. Golden Boy Promotions, Inc.*, No. CV1207071MMMRZX, 2013 WL 12138685, at *2 (C.D. Cal. May 8, 2013); *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); *Ramirez v. Video Wave of Noe Valley*, No. C 11-2779 SBA, 2012 WL 2426689, at *2 (N.D. Cal. June 26, 2012); *see also* Cal. Rules Prof. Conduct, Rule 3-700(C)(1)(f) (a member may request to withdraw from a pending matter where the client "breaches an agreement or obligation to the member as to expenses or fees"). "[W]ithdrawal is presumptively appropriate" where the state's rules of professional conduct permit such withdrawal.

*Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009).

Evolv Health does not dispute that it breached the representation agreement by failing to timely pay costs in connection with the Texas action; rather, it tries to downplay the gravity of its failure given that it is now fully paid up. (*See generally* Opp'n at 2–4, ECF No. 51.) The Court is not convinced by Evolv Health's arguments. While Arnett does not provide a specific amount that was outstanding after trial of the Texas action, his description of the types of costs that went unpaid—which included costs in connection with a damages expert, a jury consultant, and a trial technology consultant—makes clear that the sum owed was more than nominal. (*See* Arnett Decl. ¶ 11; *see also* Gaubert Decl. ¶ 10 (noting that Evolv Health is now making payments of $10,000 per month to the damages expert), ¶ 11 (noting that Arnett paid the jury consultant $6,000 out of pocket), ECF No. 51-2.) The fact that Evolv Health finally paid the outstanding invoices many months after they were due (and after several broken assurances that they would be paid earlier) does not make the substantial delay in payment simply water under the bridge. Such delays in payment can lead to accrual of interest on the outstanding bills and loss of goodwill with vendors and experts that the attorney may wish to hire on other matters. Moreover, for expenses that the firm pays up front and seeks reimbursement from the client, such payment delays can place a heavy financial burden on the firm. Given this, and given the fact that the trial of this matter will no doubt require Evolv Health to incur substantial additional costs, the Court does not find Evolv Health's delays in paying prior invoices a mere inconvenience that Carter Scholer should be required to forgive. The Court also notes that it is detrimental to the attorney-client relationship for the attorney to have to warn the client repeatedly about potentially withdrawing from the representation in order to prompt the client to pay outstanding expenses.

Evolv Health also argues that it is too close to the trial date for Carter Scholer to withdraw as counsel given that the firm acted as lead counsel in both the Texas action and this action. While this consideration does give the Court pause, the Court

concludes both that Carter Scholer has shown good cause for the late withdrawal and that the ends of justice require the withdrawal. *See* C.D. Cal. L.R. 83-2.3.5. First, the Court notes that Defendants have not filed any opposition or other paper in connection with these motions, and thus presumably do not object to a short continuance of the trial date to accommodate the substitution of counsel. Second, the fact that Carter Scholer filed this Motion as close to the discovery cutoff and trial date as it did was not for want of diligence on the firm's part. Carter Scholer repeatedly warned Evolv Health since at least November 2016 that it intended to withdraw from this action if Evolv Health did not send payment on or before January 1, 2017. The only reason why it did not do so at that time was to fulfill its professional obligation to handle post-trial motions in the Texas action and because Evolv Health failed to respond to its inquiries regarding the retention of substitute counsel. Thus, the timing of Carter Scholer's withdrawal motion lies squarely at Evolv Health's feet.

Finally, Evolv Health argues that it would be impossible for it to retain substitute counsel on a contingency basis because there has already been a judgment entered in the Texas action, and thus "there is no additional contingency fee to share with new counsel." First, "the risk that substitute counsel will be difficult to obtain or that the client will be subject to a default judgment, does not justify denying a motion for withdrawal." *Austin Inv. Fund*, 2011 WL 4947550, at *1. Second, the Court in any event fails to see how there is no additional contingency fee to share. *This* matter is still ongoing, and thus it is unclear why Evolv Health could not enter into a contingency arrangement with a firm with respect to the potential recovery from this action. Third, it is unclear why at least Friedman & Feiger,[4] who was co-counsel with

---

[4] The Court has concerns about Gaubert appearing as counsel of record for Evolv Health in this action given that Gaubert is renting office space from Evolv Health. *See* Cal. Rule of Prof. Conduct, Rule 3-300 (restricting the situations in which a member may "enter into a business transaction with a client"); C.D. Cal. L.R. 83-3.1.2 (attorneys appearing before the Court must comply with California Rules of Professional Conduct).

Carter Scholer in the Texas action, could not substitute as counsel in this action.[5] Friedman & Feiger is already sharing in the contingency fee generated by this and the Texas action (indeed, a far greater portion of the fee than Carter Scholer is receiving), thus alleviating Evolv Health's concern about finding another firm on a contingency arrangement. The firm would also spend significantly less time than a new attorney getting up to speed with this case given its involvement in the Texas action.

For these reasons, the Court **GRANTS** the motion of Arnett and Carter Scholer to withdraw from this action.

## B. LBBS's Motion to Withdraw

LBBS argues that if Carter Scholer is granted leave to withdraw from the action that it should also be allowed to withdraw. Holden declares that LBBS was retained solely to act as local counsel in this action and that it was agreed that Carter Scholer would be lead counsel. (Holden Decl. ¶ 4.) Given the limited scope of LBBS's representation, LBBS required a relatively modest retainer fee of only $7,500 from Evolv Health. (*Id.*, Ex. 1.) Carter Scholer's withdrawal, however, will leave LBBS as Evolv Health's only counsel in this action, and thus its *de facto* lead counsel. LBBS argues that this is a substantial change in the scope of its representation, thereby warranting a substantial increase in the retainer fee to $50,000. Evolv Health, however, has not provided any assurances that it will pay such a retainer. (*Id.* ¶¶ 9–10.) The Court agrees that this constitutes good cause to withdraw. The retainer agreement between LBBS and Evolv Health expressly contemplates an increase in retainer fee if "the time and expense required to carry out the representation . . . increase[s] beyond that reasonably anticipated at the beginning of the engagement." (*Id.*, Ex. 1.) It is clear that neither LBBS nor Evolv Health originally contemplated LBBS acting as lead trial counsel in this action. Moreover, because of LBBS's limited role to date, LBBS does not currently have the in-depth knowledge of this

---

[5] LBBS's attorney declares that Friedman & Feiger would not commit to taking over as lead counsel in this action if the Court grants Carter Scholer's motion to withdraw in this action, but gives no reason why. (Holden Dec. ¶¶ 11–12.)

action and the Texas action that would be necessary to try this case. LBBS reasonably estimates that its fees would amount to approximately $250,000 for it to review and digest the facts and discovery from both actions and to prepare this matter for trial. (*Id.* ¶ 14.) LBBS's request for a $50,000 retainer to continue as counsel in this action is thus reasonable, and Evolv Health's failure to pay the retainer constitutes good cause to withdraw.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the motions of Carter Scholer, PLLC and Lewis Brisbois Bisgaard & Smith LLP to withdraw as counsel of record in this action. (ECF Nos. 41, 53.) The Court **ORDERS** Carter Scholer, PLLC and Lewis Brisbois Bisgaard & Smith LLP to serve a copy of this Order on Evolv Health. The Court **VACATES** all future dates and deadlines in this action and **STAYS** the action until **May 31, 2017**, during which time Evolv Health must seek substitute counsel to represent it in this action. *See* C.D. Cal. L.R. 83-2.2.2 (organizations may not represent themselves pro se). The Court further **ORDERS** Evolv Health to **SHOW CAUSE**, in writing only, no later than **May 29, 2017**, why the Court should not dismiss this action for failure to prosecute. No hearing will be held. This Order to Show Cause will automatically discharge, and the stay will automatically lift, upon the filing of a notice of association of counsel on behalf of Evolv Health. Failure either to respond to this Order or to file a notice of association of counsel will result in the Court dismissing this action with prejudice.

**IT IS SO ORDERED.**

April 26, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**